## Arthur R. Clark et al. v. Andrew Hoffman.

### Gen. No. 12,730.

1. ACCOUNT STATED—*what evidence tends to prove.* An indorsement by the debtor of "O. K." upon an itemized account, is evidence which tends to prove an account stated.

2. JOINT LIABILITY—*when burden of proving defendants', rests upon plaintiff.* The burden of proving the joint liability of the defendants is upon the plaintiff where the defendants have filed a plea denying joint liability.

3. PARTNERSHIP—*held not established.* Held, that the evidence in this case did not establish a partnership, either in fact or in law, under the doctrine of estoppel.

4. PARTNERSHIP—*how proof of existence of, may be made.* Under the circumstances of this case, it was competent to inquire of employes or former employes of a concern alleged to be a partnership as to whether or not such concern was in fact a partnership.

Action of assumpsit. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed October 8, 1906.

WHITE, MABIE & CONKEY, for appellants.·

F. A. BINGHAM, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court against the appellants jointly (defendants below) in favor of appellee (plaintiff below) for $1,411.09 and costs.

The plaintiff's declaration in the trial court consisted of the common counts, and the evidence of indebtedness introduced under it was a statement of account shown to have been presented by the plaintiff to Arthur R. Clark, one of the defendants, and by him indorsed, "O. K. A. R. Clark & Co." It was introduced in evidence and called Plaintiff's Exhibit H.

The defense made below (where the trial was be-

fore a jury) and the attack made here on the verdict
and judgment are based on two propositions: the first,
that the document introduced as Exhibit H did not,
under the evidence in this cause, constitute or estab-
lish an account stated against anybody; and, secondly,
that if it did prove an account stated against "A. R.
Clark & Co.," it was not proof of any joint liability of
the defendants, Wallace G. Clark and J. M. Trainor
not being proven members of any firm known as "A.
R. Clark & Co.," there being in fact no such firm; and
"A. R. Clark & Co." being a corporation duly estab-
lished under the laws of Illinois.

These defenses were insisted on below under the
general issue and a further verified plea signed by the
defendants denying joint liability.

After the verdict against the defendants below, a
motion for a new trial and a motion in arrest of judg-
ment made by them were overruled and judgment en-
tered on the verdict. In this court errors are assigned
on the admission and exclusion of evidence, on the
giving and refusing of instructions, and on the re-
fusal of a motion for a new trial, because the verdict
and judgment were against the law and the evidence.
It is also claimed under the assignment that the court
erred in not peremptorily instructing the jury to find
for the defendants, as requested at the close of the
plaintiff's evidence and at the close of all the evidence.

The first ground of defense above mentioned may
be here dismissed from consideration. Although evi-
dence was introduced by the defendant below that the
indorsement "O. K." with the signature of "A. R.
Clark & Co." made by Arthur R. Clark on the account
when presented, was not made as, or understood to be,
an admission of the accuracy of the bill, it was at least
for the jury to determine whether it were not. We
should certainly not think under the evidence of dis-
turbing or questioning the finding of the jury that it
was. We shall proceed, therefore, in our disposition

of this cause, upon the assumption that Arthur R. Clark by his indorsement on Exhibit H, bound as to an account stated anybody and everybody whom he had a legal right so to bind by the signature of "A. R. Clark & Co."

We have no doubt that if there were a partnership under that name, doing business with Hoffman, Arthur R. Clark had a right thus to bind his partners. Under that assumption it was an act in the scope of partnership business, in which he was the agent of all his other partners.

But this is not sufficient to justify a judgment against the defendants or any of them. There was a plea of denial of joint liability, and a plea of the general issue, on file, and it is conceded that the burden of proving the joint liability of the three defendants rested on the plaintiff. The contention made by the appellants that this burden was not sustained, makes a much more serious question in this case than is the effect of the "O. K." indorsement on the rights of "A. R. Clark & Co." If "A. R. Clark & Co." was a partnership, its members are liable for the account; if it were a corporation and Arthur R. Clark was its managing officer, the corporation is so liable.

But does the evidence show any such firm or matters of estoppel which prevent the defendants, or any of them, from denying it? And if it does show such a firm, are the appellants shown to be its members? These are the real questions in the case. We have examined with great care not only the abstract but the record, and we cannot escape the conclusion that the jury disregarded the weight of the evidence in this case, and were led rather by the wish to find a remedy for the plaintiff than by a desire to follow the law.

It is in the first place apparent that for two or three years the plaintiff Hoffman did business with A. R. Clark, individually; that at about the time a corporation under the name of A. R. Clark & Co. was organ-

ized and ready to do business, the plaintiff's account was changed to A. R. Clark & Co. and was so continued.

All the defendants swore that there was no copartnership of A. R. Clark & Co., and that they belonged to no firm or joint business concern composed of A. R. Clark, W. G. Clark and John M. Trainor. So far as they were allowed by the rulings of the court, they and the employes of "A. R. Clark & Co." testified that under that name a corporation, and a corporation only, did business; that such a corporation did exist; that its place of business was the office where A. R. Clark was found and interviewed by Hoffman; that its ostensible object was "the construction of buildings," the business out of which this account sued on grew; that A. R. Clark was its responsible head, president and manager. But plaintiff contends, nevertheless, that Wallace G. Clark and John M. Trainor, despite their explicit denials and despite the fact that he can bring no direct evidence of any partnership connection between them and Arthur R. Clark, or of the existence of a firm of A. R. Clark & Co. (except the alleged admissions hereinafter alluded to), were with Arthur R. Clark responsible as individual partners in a copartnership under the same style and name as that of the corporation.

Of course the contemporaneous existence of such a firm and of such a corporation, each with the name of A. R. Clark & Co., was possible, but to establish it, the burden of affirmative proof was on the plaintiff, and then beyond that the burden of proving that A. R. Clark, W. G. Clark and J. M. Trainor were members of such firm. To sustain this position the plaintiff offered evidence that A. R. Clark, W. G. Clark and J. M. Trainor occupied the same office; that individually they had signed a lease together of those offices; that they had all at times talked with him of business which A. R. Clark & Co. was doing with him; that in their

advertisements and correspondence "A. R. Clark & Co." was or were described as contractors and builders, in the plural and not in the singular number; and, perhaps most significant fact of all, that the letter-heads used by "A. R. Clark & Co." in doing business with him, instead of bearing the name of the corporation, "A. R. Clark & Co.," bore that of "*Arthur* R. Clark & Co."

But not all these things together, nor any "general reputation," nor the "constant association" of the parties, nor the "natural commercial presumption," as it was expressed by one witness, can overcome the explicit denials of Wallace G. Clark and J. M. Trainor that they were interested with A. R. Clark in any firm or copartnership or in any joint business with Hoffman. Even if the strenuous contention of the appellee's counsel were to be considered well taken, that Arthur R. Clark intended the incorporation of the business he had theretofore been pursuing under his individual name to be comparatively secret, in order that he might use it to avoid individual liability when hard pressed, this would furnish no ground for holding his brother and Trainor individually liable with him, whatever its effect would be upon his own position.

The occupation of the same office and the execution of the lease, and indeed other business associations of the parties, were explained by the admitted fact that there was an active firm in the real estate business, composed of Wallace G. Clark and John M. Trainor, under the name of Clark & Trainor, and that this firm frequently employed or contracted with "A. R. Clark & Co." to construct buildings on land belonging to them.

But the plaintiff produced testimony also tending to prove, as he claimed, that W. G. Clark and Trainor had both admitted the existence of a firm of A. R. Clark & Co., of which they were members. It seems to be conceded that as these alleged admissions were

Clark v. Hoffman.

not made until after the credit was given for the material for which this suit was brought, they do not operate by way of estoppel. They are held, however, to be proof of the actual prior existence of the firm. But the remarks seem to fall very far short of overweighing the positive testimony of the same persons to the contrary. They are denied by those persons, and so far as they are of significance at all, consist not of assertions that there was such a copartnership and that they were members of it, but of the incidental use of the word "firm" for what they now claim to be the corporation. They are also certainly minimized in importance in the chief instance by what accompanied and followed them.

We do not go so far as to say that leaving out all countervailing evidence, there was nothing in the plaintiff's case tending to establish his claim, and therefore do not hold it error to have refused the peremptory instruction for the defendants which was asked for. Woodman v. Illinois Trust & Savings Bank, 211 Ill. 578.

But we think the clear weight of the evidence was against the contention of the plaintiff in regard to the partnership and joint liability, and must reverse the judgment and remand the cause.

It would not be useful for us to take up seriatim the rulings on evidence complained of, and we shall confine ourselves to brief and general observations thereon.

The proposition of appellee that "where in a suit against two or more persons as partners, sufficient evidence has been introduced to raise a fair presumption of the existence of a partnership, the acts and declarations of each are admissible against the others to strengthen the *prima facie* case already made," we do not understand is controverted. The question arises on its application.

On the one hand it is argued that in this case no such

"fair presumption" arose; on the other, that the evidence establishing it was "very clear and convincing."

We have indicated that we think there was evidence which, in the absence of all countervailing evidence, sufficiently tended to establish the plaintiff's contention about the existence of a partnership, to forbid the peremptory instruction asked; but the precise question involved in the admission of the acts and declarations of one of the defendants as admissions of all, is a different and in this case a difficult one. In view of the contentions of the plaintiff and the impossibility of his presenting his case at one view, we think the court adopted the safer and better course in allowing the evidence to be heard which was objected to on this ground, and reserving its ultimate effect for future ruling on possible motions to strike out or for instructions limiting its consideration.

The trial judge, in our opinion, however, erred in the other direction in too great strictness in the exclusion of testimony offered by the defendants.

We cannot see why employes for many years of that business concern called "A. R. Clark & Co.", which was doing business with the plaintiff, should not be allowed to testify whether that concern were a corporation or a partnership. They were disinterested witnesses in the legal sense, and they had the best means of knowledge. Their statement would not have been the statement of a legal conclusion or of an opinion in any objectionable sense, nor would it have been usurping the function of the jury, as claimed. The case turned upon the character and nature of the business concern known as 'A. R. Clark & Co." carrying on a particular business and occupying certain offices, and its employes, paid by it and constantly concerned with its affairs, certainly ought not to be considered incompetent witnesses on this point. Their testimony would not have been competent had they undertaken

Clark v. Hoffman.

to testify as to the existence or non-existence of joint and individual liability on the part of the defendants arising from estoppels or false representations; but it is not claimed in this case that it is by estoppel Trainor and Wallace Clark are made liable jointly with Arthur Clark. Such representations as were alleged to be made as to their being partners, was not the origin of the credit given, and the doctrine of estoppel does not apply. Thompson v. First Nat'l Bank of Toledo, 111 U. S. 540.

It was the *fact* of the existence of a partnership composed of the three appellants which was in dispute.

We find no error in the instructions. Those given stated the law correctly, and those requested by the defendants which were refused were, we think, covered by those that were given.

The twenty-first instruction requested by the defendants was faulty in form, and its refusal was therefore proper and is not pressed in argument as erroneous; but the proposition therein contained that the belief of the plaintiff, if it existed, that he was dealing with a copartnership and not a corporation, did not make the defendants liable, if in fact the concern he was dealing with was not a copartnership, but a corporation, self-evident as it is, is yet the kernel of the questions involved in this case, and might well have been impressed on the jury by an instruction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*